UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOBBY BAUCUM, | ) |
| *Plaintiff*, | ) ) |
| | ) Case No. 3:21-cv-140 |
| v. | ) |
| | ) Judge Atchley |
| BLOUNT COUNTY and | ) Magistrate Judge Poplin |
| SHERIFF BERRONG, | ) ) |
| *Defendants*. | ) |

## **MEMORANDUM OPINION**

This prisoner's pro se complaint under 42 U.S.C. § 1983 proceeded against Defendant Blount County and Sheriff Berrong in his official capacity as to Plaintiff's claims that Defendants interfered with his ability to send mail in violation of his First Amendment rights [Doc. 5. p. 9-10]. Defendants Blount County and Sheriff Berrong have filed a motion for summary judgment. [Doc. 19]. Plaintiff has not filed a response in opposition to Defendants' motion, and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Plaintiff has waived any opposition to this motion. E.D. Tenn. LR 7.2. For the reasons set forth below, Defendants' motion for summary judgment [Doc. 19] will be **GRANTED**, and this action will be **DISMISSED**.

**I.    SUMMARY JUDGMENT STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the

burden of conclusively showing the absence of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a properly supported motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party[.]" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). Instead, the court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, such that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

II.  **PLAINTIFF'S EVIDENCE**

As set forth above, this action is proceeding against Defendant Blount County and Sheriff Berrong in his official capacity only as to Plaintiff's assertion that a custom or policy of Blount County interfered with his ability to send mail in violation of his First Amendment rights. In his sworn complaint, which the Court treats as an affidavit for purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint "carries the same

2

Case 3:21-cv-00140-CEA-DCP   Document 27   Filed 09/30/22   Page 2 of 7   PageID #: 171

weight" as an affidavit for purposes of summary judgment), Plaintiff asserted the following First Amendment mail claims:

> 13. The facility will allow inmates to send letters only if the mail is legal. Otherwise, inmates must send postcards [*Id*.].
>
> 14. The facility restricts purchasing envelopes and/or stamps [*Id*.].
>
> \*\*\*
>
> 19. Federal inmates are denied their legal right to proper mailing material [*Id*.].
>
> \*\*\*
>
> 23. The facility refuses to help Plaintiff mail legal documents [*Id*. at 7].

[Doc. 5 at p. 3, 9].

In allowing these discrete claims to proceed, the Court found that "[t]he record does not contain the facility's policies regarding inmate mail, nor does it contain information concerning the rationale for the facility's mail policies," and that since "Plaintiff has alleged that the facility has violated his First Amendment rights pursuant to established policies governing mail, the Court will allow the designated claims to proceed against Blount County and against Sheriff Berrong in his official capacity" [*Id*. at 9, 10].

### III. DEFENDANTS' EVIDENCE

In support of their motion for summary judgment, Defendants filed an affidavit from Jeff French, the Chief Deputy for the Blount County Sheriff's Office, in which Mr. French testifies in relevant part that, at all relevant times, the Blount County Detention Facility ("BCDF") had a written mail policy that allowed inmates to send and receive legal mail to or from courts, attorneys of record, and public officials [Doc. 20-1 p. 2]. Mr. French further testifies that, at all relevant times, the BCDF's written mail policy provided that an inmate with less than five dollars in his account would receive postage for legal or official mail [*Id.*]. A sworn copy of the relevant BCDF legal mail policy attached to Mr. French's affidavit supports this testimony [*Id.* at 3-4].

Defendants also filed an affidavit from Keith Gregory, Blount County Captain and Jail Administrator to support its motion for summary judgment [Doc. 20-2]. In this affidavit, Mr. Gregory states that on December 2, 2020, Plaintiff filed a request stating:

> I WILL BE RECEIVING AND THEN MAILING OUT A LEGAL PACKET, IT WILL BE NO LESS THAN 20/30 PAGES OF LEGAL PAPERS. THIS WILL NOT FIT IN AN ENVELOPE AND POSTAGE WILL NOT BE ENOUGH, SO HOW CAN I MAIL THIS OUT WHEN THE TIME COMES. NO WAY TO PURCHASE A MANILA ENVELOPE OR STAMPS. ANY HELP WOULD BE HELPFUL.

[Doc 20-2 p. 2, 8]. A response to this grievance stated, "you must get them from commissary, sheriff[']s office will not give inmates envelopes or stamps" [*Id*. at 2-3, 8]. On December 6, 2020, Plaintiff followed up on his request, replying:

> STORE DOES NOT OFFER MANILA ENVELOPES OR STAMPS FOR EXTRA POSTAGE WHEN THE NEED COMES TO SEND A LEGAL PACKET WITH 20/30 PAGES. THE NEXT COUPLE OF WEEKS I WILL BE SENDING A PACKET OF THIS SIZE OUT AND ALL THE LEGAL WORK NEEDS TO STAY TOGETHER AND NOT SEPERATED. THE ENVELOPE OFFERED WITH POSTAGE WILL NOT WORK SO WHAT CAN BE DONE SO I CAN SEND MY FEDERAL LEGAL PAPERS OUT.

[*Id*. at 3, 8]. In reply, the facility stated, "[I] have no ideal [sic], sheriff[']s office does not give inmates envelopes or stamps, have someone pick your mail up and mail it for you, again sheriff[']s office will not give you postage or envelopes, try your attorney that is what he is for to help you" [*Id*.].

In a second request dated March 20, 2021, Plaintiff stated:

> I HAVE MULTIPLE LETTERS THAT NEED TO GO TO THE COURTS AND NEED EXTRA POSTAGE FOR AT LEAST 3 LEGAL ENVELOPES TO END FROM 12 TO 16 PAGES PER ENVELOPE. THANK YOU.

4

[*Id.* at 3, 9].¹ The response stated, "[y]ou need to order stamps from commissary" [*Id.*].

Plaintiff then filed a grievance on March 26, 2021, where he stated:

> AS A FEDERAL INMATE I HAVE THE RIGHT TO SEND MY OWN LEGAL DOCUMENTS TO THE COURTS AND MY LAWYER WITHOUT ANY OUTSIDE HELP. THE JAIL IS DENYING MY RIGTS [sic] BY NOT OFFERING AND/OF [sic] GIVING IF INGENT [sic] THE CORRECT MAILING SUPPLIES OR POSTAGE. NORMAL LEGAL ENVELOPE OFFERED HERE WILL NOT WORK FOR DOCUMENTS OVER SEVEN PAGES. NEVER ARE YOU REQUIRED OR ASKED TO SEND ONE DOCUMENT IN TWO ENVELOPES.

[*Id.* at 3, 10].² The facility's response stated, "[g]rievance is not valid. We do give you the instruments needed to mail out documents. There are not any rights being violated" [*Id.* at 3-4, 10].

The last document filed by Plaintiff relevant to his claims was a grievance dated March 31, 2021, where Plaintiff stated:

> I HAVE A 12 TO 20 PAGE PACKET TO MAIL. I KNOW FOR A FACT THAT A WHITE ENVELOPE WITH A FOREVER STAMP DOES NOT COVER THE POSTAGE NEEDED. PLUS I WILL NOT SEND LEGAL MAIL SPLIT INTO TWO ENVELOPES. I['']M A FEDERAL INMATE AND THIS FACILITY HAS REFUSED TO GIVE PROPER POSTAGE FOR MY FEDERAL LEGAL MAIL SINCE 12/02/2020. MY LAWYER HAS BEEN NOTIFIED AND IF I WAS THIS FACILITY I WOULD LERN [sic] THE POSTAGE AND LEGAL SYSTEM BECAUSE THIS ONE IS GOING TO BE A VERY EXPENSIVE LESSON LEARNED. VIOLATION OF CIVIL RIGHTS TO MENTION JUST ONE.

[*Id.* at 4, 7]. The response to Plaintiff stated, "[i]f you have spoke [sic] to your attorney in regards to this issue and are taking legal action because you don't feel that sending out your legal mail in

---

¹ In his affidavit, Mr. Gregory lists the date of the request as March 12, 2021, but the collective exhibit attached to his affidavit indicates that the request was made on March 20, 2021 [*Compare* Doc. 20-2 p. 3 *with* Doc. 20-2 p. 9].

² In his affidavit, Mr. Gregory lists the date of Plaintiff's grievance as March 12, 2021, but the collective exhibit attached to his affidavit indicates that the grievance was filed on March 26, 2021 [*Compare* Doc. 20-2 p. 3 *with* Doc. 20-2 p. 10].

5

two envelopes is adequate, then at this point the county attorney is who your attorney needs to communicate with. All of our policies were approved by the US Marshal Service" [*Id.* at 4, 7]. The request and grievance documents filed with this affidavit support Mr. Gregory's testimony [*Id.* at 7-10].

Mr. Gregory further testifies that BCDF has no other records concerning Plaintiff's grievances, but the Court notes that Plaintiff's eight-page complaint, postmarked April 8, 2021, arrived at the Court in an envelope bearing multiple forever stamps [Doc. 20-2 p. 4-5, 11; *see also* Doc. 2 p. 9]. Mr. Gregory also avers that BCDF mail-room records show that Plaintiff received legal mail on some seventeen occasions between August 26, 2020, and June 15, 2021, and that he sent legal mail from the facility on approximately sixteen occasions between October 19, 2020, and June 14, 2021 [Doc. 20-2 p. 5, 12-13]. Additionally, according to Mr. Gregory, Plaintiff never requested free postage based on indigency [*Id.* at 5].

IV.   **ANALYSIS**

Defendants Blount County and Sheriff James Berrong (in his official capacity) may be held liable under § 1983 for Plaintiff's alleged inability to send mail only if a Blount County custom or policy was the moving force behind it. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978) (holding local governments can be sued under § 1983 for constitutional deprivations made pursuant to custom or policy); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Here, Defendants have come forward with sworn proof that its mail policies and customs would not have prevented Plaintiff from sending legal mail, and it is apparent from Defendants' sworn proof that Plaintiff's inability to send legal mail was resolved, as Plaintiff filed the instant

6

action[3] and sent and received legal (and non-legal) mail on multiple occasions while housed at BCDF [*See* Doc. 20-2 p. 12-13]. Further, and most notably, Plaintiff has not come forward with any proof from which a reasonable jury could find that any custom or policy of Defendant Blount County prevented him from sending mail in the manner he alleged in his complaint.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendants are entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendant Blount County's motion for summary judgment [Doc. 19] will be **GRANTED** and this action will be **DISMISSED**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court specifically notes that the envelope that the Clerk docketed with Plaintiff's complaint [Doc. 2 at p. 9] appears to have held both Plaintiff's *in forma pauperis* documents (which are five pages total) [Doc. 1] and his complaint (which is eight pages total) [Doc. 2], as this envelope has three forever stamps on it [Doc. 2 at p. 9]. The docket entry for Plaintiff's *in forma pauperis* documents does not include a separate envelope for that filing [Doc. 1], and the Clerk's normal practice is to include the envelope in which a document is filed in docketing pro se filings.